# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 29, 2006

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

132317 & (32)(33)

RACHEL SHAFFER,
          Plaintiff-Appellee,

v

SC: 132317
COA: 270884
Macomb CC: 04-002993-NH

ST. JOSEPH'S MERCY HOSPITALS OF
MACOMB and ST. JOSEPH'S MERCY OF
MACOMB, a/k/a MERCY MOUNT CLEMENS
CORPORATION,
          Defendant-Appellant,

and

ST. JOSEPH MERCY HEALTH SYSTEM,
a/k/a TRINITY HEALTH-MICHIGAN, PAUL
MOCZARSKI, D.O., and MACOMB
EMERGENCY CARE PHYSICIANS, P.C.,
          Defendants.
_____/

On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the October 12, 2006 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration as on leave granted. The motion for stay is GRANTED. Trial court proceedings are stayed pending the completion of this appeal. On motion of a party or on its own motion, the Court of Appeals may modify, set aside, or place conditions on the stay if it appears that the appeal is not being vigorously prosecuted or if other appropriate grounds appear.

KELLY, J., dissents and states as follows:

I dissent from the majority's decision to remand this case to the Court of Appeals. Because the trial court correctly denied defendants' motion for summary disposition, there is no need for the Court of Appeals to review the matter on remand.

Plaintiff brought a medical malpractice claim under the theory that a delay in antibiotic treatment for bacterial endocarditis caused her condition to deteriorate so that she needed a mitral valve replacement. This case centers on the application of MCL 600.2912a(2), which, in pertinent part, provides: "In an action alleging medical malpractice, the plaintiff cannot recover for loss of an opportunity to survive or an opportunity to achieve a better result unless the opportunity was greater than 50%."

Defendants brought a motion for summary disposition in the trial court. In reviewing such motions, the Court must consider the evidence and all legitimate inferences in the light most favorable to the nonmoving party. *Coblentz v City of Novi*, 475 Mich 558, 567-568 (2006). When the standard is applied here, it becomes apparent that defendants were not entitled to summary disposition.

Plaintiff's expert opined that, had there been no malpractice, plaintiff's chance of avoiding the heart valve replacement operation would have been greater than 50 percent. Following the alleged malpractice, plaintiff was obliged to undergo the surgery. A reasonable juror could infer from this evidence that the chance of avoiding the replacement surgery after the malpractice was zero percent. This inference is appropriate, because defendants presented no evidence to contradict it. Hence, viewed in the light most favorable to plaintiff, the evidence shows that plaintiff's opportunity to achieve a better result (i.e., to avoid the surgery) went from over 50 percent to zero percent after the alleged malpractice. Accordingly, plaintiff met her burden under MCL 600.2912a(2).

Summary disposition was correctly denied. I would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 29, 2006

_Corbin R. Davis_
Clerk

d1219